**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BILL ZIELINSKI,**

                **Plaintiff,**

**-vs-**                              **Case No. 6:08-cv-1090-Orl-22KRS**

**ALBERT KEMPERLE OF FLORIDA,
LLC,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE (Doc. No. 39)**
>
> **FILED:** February 27, 2009

**I. PROCEDURAL HISTORY.**

This case was brought by Plaintiff Bill Zielinski as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Zielinski was the only employee to opt-in to the case, and the case was never certified as a collective action. Zielinski and Defendant Albert Kemperle of Florida, LLC, seek the Court's approval of their settlement.

Under the settlement agreement, Zielinski will receive $3,300.00 and his attorneys will receive $3,200.00 for attorney's fees and costs. Doc. No. 39-2 at 14. In answers to the Court's

interrogatories, Zielinski averred he was owed $7,393.75 in unpaid wages, an equal amount in liquidated damages, plus attorney's fees and costs. Doc. No. 16.

Counsel for Zielinski attests that after review of documents produced by Defendant, he concluded that Zielinski was entitled only to the unpaid one-half time overtime premium. Accordingly, the present settlement constitutes full payment to Zielinski of all overtime compensation and liquidated damages arguably due. Doc. No. 41 ¶ 4. Based on this representation, I find that Zielinski has not compromised his FLSA claim. Therefore, the settlement is necessarily a fair and reasonable resolution of the FLSA claim. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Under these circumstances, the Court need not scrutinize the settlement further to consider whether the payment to Plaintiff's attorney is reasonable.

The Court also need not approve the other provisions of the settlement agreement. I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

**IV. RECOMMENDATION.**

For the forgoing reasons, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT** in part and **DENY** in part the Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice, Doc. No. 39, by making the fairness finding but not approving the settlement agreement as a whole or reserving jurisdiction to enforce it;

3. **DISMISS** the case with prejudice;

4. **PROHIBIT** counsel for Zielinski from withholding any portion of the $3,300.00 payable to Zielinski under the settlement agreement pursuant to a contingent fee agreement or otherwise;

5. **ORDER** counsel for Zielinski to provide a copy of the Court's Order to Zielinski; and,

6. **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 28, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE